PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JAMES TONEY, ) | |
| ) | CASE NO. 4:18CV0282 |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| CORRECTIONS OFFICER ROSE, *et al.*, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | [Resolving ECF No.10 ] |

Pending is Defendant Corrections Officer Rose's ("Officer Rose") Motion for Judgement on the Pleadings (ECF No. 10). Officer Rose moves the Court for judgment as a matter of law because the Complaint (ECF No. 1) fails to state a claim upon which relief can be granted. The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. The Court has also considered the oral arguments of counsel offered during the Telephonic Case Management Conference held on May 21, 2018. For the reasons set forth below, the motion is granted.

(4:18CV0282)

## I. Background

Plaintiff James Toney is a former inmate at the Trumbull County, Ohio Jail. He was sentenced on October 31, 2017 to the Jail for 180 day. Trumbull County Court of Common Pleas Case No. 2017 CR 00242. On November 9, 2017, Judge Andrew D. Logan of the Trumbull County Court of Common Please granted Plaintiff's motion and ordered that Plaintiff was "permitted" to be released for work. The Order authorized Plaintiff to leave the jail on work release to his employer, Anderson and Dubose, Inc. each day Monday through Friday from 8:00 a.m. to 4:30 p.m. Judgment Entry (ECF No. 1-2). Officer Rose was "presented with, but ignored that order and refused to release Plaintiff from the Jail for the 'work-release' purpose stated." ECF No. 1 at PageID #: 2, ¶ 5. Because of this, Plaintiff alleges he lost his job at Anderson and Dubose. ECF No. 1 at PageID #: 2, ¶ 6.

In February 2018, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 against Officer Rose, a member of the Trumbull County Sheriff's Department, and Defendant John Doe Jailer in their individual capacity. ECF No. 1 at PageID #: 1, ¶¶ 2 and 3. Officer Rose "was a jail corrections officer in and for Trumbull County, Ohio, acting under color of state law." ECF No. 1 at PageID #: 1, ¶ 2. Plaintiff alleges a deprivation of "life, liberty or property without due process of law" in violation of his Fourteenth Amendment rights under the United States Constitution. ECF No. 1 at PageID #: 2, ¶ 6. In response, Officer Rose filed an Answer (ECF No. 9) and the within Motion arguing that Judge Logan's Order did not create a constitutionally-protected liberty interest in participating in a work release, that no deprivation occurred, and, if a

(4:18CV0282)

liberty interest was created, her status as a corrections officer bars suit under the doctrine of qualified immunity.

## II. Standard of Review

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). "To survive a [Rule 12(b)(6)] motion to dismiss, [the complaint] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court may dismiss a claim if it finds, on the face of the pleading, that "there is an insurmountable bar to relief indicating that the plaintiff does not have a claim." *Ashiegbu v. Purviance*, 76 F. Supp.2d 824, 828 (S.D. Ohio 1998), *aff'd* 194 F.3d 1311 (6th Cir. 1999), *cert. denied*, 529 U.S. 1001 (2000).

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (quoting *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008)). The Court "must construe the complaint in the light most

(4:18CV0282)

favorable to [the] plaintiff[.]" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). In addition to reviewing the claims set forth in the complaint, a court may also consider exhibits, public records, and items appearing in the record of the case as long as the items are referenced in the complaint and are central to the claims contained therein. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. Analysis

Officer Rose advances three arguments. First, she argues that Plaintiff fails to allege facts sufficient to show that any constitutionally-protected liberty or property interest has been violated. Therefore, Plaintiff's allegations fail to establish a violation of procedural or substantive due process. ECF No. 10 at PageID #: 36-38. Second, Officer Rose contends that Plaintiff does not allege sufficient facts to hold any particular individual, let alone her, liable for the alleged deprivation. Officer Rose states that Plaintiff's complaint is "devoid of any specific allegations of conduct" by her and that as a result the facts alleged do not create liability on her part. ECF No. 10 at PageID #: 38. Plaintiff cannot establish the liability of Officer Rose absent a clear showing that she was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Finally, Officer Rose claims she is entitled to qualified immunity from Plaintiff's claim. ECF No. 10 at PageID #: 39-41.

(4:18CV0282)

## A.

Because the action should not proceed without resolving whether Officer Rose is entitled to qualified immunity, the Court will first address that issue. *Saucier v. Katz*, 533 U.S. 194, 200 (2001) ("Whe[n] the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive."). Qualified immunity is a shield from civil liability for government officials performing "discretionary functions," if their behavior "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Phillips v. Roane Cty., Tenn.*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Qualified immunity protection is provided for "all but the plainly incompetent or those who knowingly violate the law." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). The reasonableness of a given action is assessed within the particularized context of the suit and not in a more general sense. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *Williams v. Schismenos*, 258 F. Supp.3d 842, 855 (N.D. Ohio 2017), *aff'd*, 738 Fed.Appx. 342 (6th Cir. 2018).

"The privilege is 'an *immunity from suit* rather than a mere defense to liability.'" *Saucier*, 533 U.S. at 200-201 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (emphasis in original). In order to overcome qualified immunity, Plaintiff must establish that: (1) Officer Rose's conduct violated a constitutional right; and (2) the right was clearly established at the time of its violation. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The Court may address either requirement first, *id.* at 236, and the failure to establish either requirement is fatal to a

5

(4:18CV0282)

plaintiff's case, *see* Brosseau v. Haugen, 543 U.S. 194, 197-98 (2004). Qualified immunity is presumed unless the plaintiff establishes both conditions. Rich v. City of Mayfield Heights, 955 F.2d 1092, 1095 (6th Cir. 1992).

For the reasons below, Officer Rose is entitled to qualified immunity.

**B.**

Plaintiff has failed to show that he had a "clearly established" constitutional right to work release. During the time in question, Officer Rose was a corrections officer acting within the scope of her discretionary authority. The Court finds that the use of the word "permitted" in Judge Logan's Order meant the work release was not mandated by the ruling on Plaintiff's motion. In other words, the Order did not *require* work release. Rather, it authorized Plaintiff to leave the Jail on work release. The Court also finds Officer Rose's interpretation of the Order reasonable.[1] With only Judge Logan's Order as guidance, it is entirely reasonable for a corrections officer in Officer Rose's situation to act as she did. Based on the pleadings, the conduct of Officer Rose was reasonable and did not evince the incompetence or "knowing violation" of the law that is necessary for the Court to hold that she is not entitled to qualified immunity.

---

[1] At no point does Plaintiff allege that Defendants acted unreasonably. He merely states that he was not released "for reasons yet to be determined." ECF No. 1 at PageID #: 2, ¶ 5.

(4:18CV0282)

## C.

The parties disagree as to the creation of a constitutionally-protected liberty interest.[2] Plaintiff asserts that Judge Logan's Order entitled him to work release and Defendants' failure to release him amounts to a constitutional violation. ECF No. 1 at PageID #: 2, ¶ 5, 6; ECF No. 12 at PageID #: 66-67. In contrast, Officer Rose asserts that the Order was merely permissive and did not give Plaintiff a constitutionally-protected liberty interest. ECF No. 10 at Page ID # 37-38; ECF No. 1-2. The Court concludes there was no "clearly established" right that a reasonable person in Officer Rose's position would have known about. *Carter v. McCaleb*, 29 F. Supp.2d 423, 429 (W.D. Mich. 1998) (In the absence of a requirement of work release in a criminal sentence, work release was not a "basic condition" of a plaintiff's incarceration.). Plaintiff fails to point the Court to any legal authority establishing otherwise.

---

[2] *Sandin v. Conner*, 515 U.S. 472 (1995), instructs that regardless of the source -- a regulation, a statute, or a court order -- a liberty interest is not implicated in a condition of sentence unless an "atypical hardship" must be endured in its absence.
> . . . Following *Wolff*, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also *Board of Pardons v. Allen*, 482 U.S. 369 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, *e.g.*, *Vitek*, 445 U.S., at 493 (transfer to mental hospital), and *Washington*, 494 U.S., at 221-222 (involuntary administration of psychotropic drugs), nonetheless *imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life*.

*Id.* at 483-84 (emphasis added).

(4:18CV0282)

## IV. Conclusion

Viewing the facts in the light most favorable to Plaintiff, the factual allegations are insufficient to overcome the qualified immunity granted to Officer Rose by her status as a corrections officer. The facts alleged do not "clearly establish" that Plaintiff had a constitutionally-protected right to work release and there is no allegation that Officer Rose acted unreasonably towards Plaintiff. As a result, Officer Rose's qualified immunity shields her from further litigation on the matter.[3]

For the foregoing reasons, Defendant Corrections Officer Rose's Motion for Judgment on the Pleadings ([ECF No. 10](ECF No. 10)) is granted.

IT IS SO ORDERED.

 November 16, 2018       */s/ Benita Y. Pearson*
Date      Benita Y. Pearson
     United States District Judge

---

[3] The Court need not address whether Plaintiff alleged sufficient facts to hold Officer Rose liable.

8